UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

NATALIE ANDERSON,                                          No. 09-12574

                              Debtor(s).
_____/

NATALIE ANDERSON,

                                 Plaintiff(s),

                  v.                                     A.P. No. 10-1040

CREEKWOOD CAPITAL, LLC,

                                 Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

       Plaintiff Natalie Anderson has filed a request for voluntary dismissal of the above adversary proceeding. Because both an answer and a motion for summary judgment have been filed by defendant, dismissal requires an order from the court which the court may condition on terms it considers proper. Rule 41(a)(2), Fed.R.Civ.Proc., made applicable to bankruptcy adversary proceedings by Fed.R.Bankr.Proc. 7041.

       Defendant objects to dismissal because its summary judgment motion is pending, but has cited

1

no case applying Rule 41(a)(2) to the situation. Defendant seems to think that there is some sort of automatic prejudice to it if it has to defend a second lawsuit, but that is not the case. *Hamilton v. Firestone Tire & Rubber Co., Inc.,* 679 F.2d 143, 145 (9th Cir.1982). Defendant must show some prejudice to a legal interest, claim or argument. *Westlands Water Dist. v. United States,* 100 F.3d 94, 97 (9th Cir.1996). Defendant has made no such showing.

Reliance on the court's general equitable powers pursuant to § 105(a) of the Bankruptcy Code is no substitute for thorough research and a cogent argument, based on applicable authority, as to why plaintiff ought not to be allowed to dismiss or why the dismissal ought to be conditioned. In the absence of a proper showing requiring the imposition of terms and conditions, plaintiff is entitled to a dismissal without conditions. 27A **Fed.Proc.L.Ed**., Pleadings and Motions, § 62:523. Defendant having failed to make such a showing, the request to dismiss will be granted without condition. Counsel for plaintiff shall submit an appropriate form of order.

Dated: June 11, 2010

Alan Jaroslovsky
U.S. Bankruptcy Judge